In the Matter of IRA M. WALLACE, an Attorney, Respondent. QUEENS COUNTY BAR ASSOCIATION, Petitioner.

Second Department, May 14, 1973.

*H. Stuart Klopper* for petitioner.

*Friedman & Tandler* (*Morton Friedman* of counsel), for respondent.

*Per Curiam.* The respondent was admitted to practice by this court on April 4, 1956. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report and the respondent, by affidavit submitted by his counsel, opposes the motion on the ground that the "basic allegations of the petition were not proved."

The amended petition sets forth two general charges of misconduct. The first charge alleges that in 1968 the respondent purchased certain real property for the sum of $6,000, title to which was taken in the name of a corporation. Thereafter, the respondent, purportedly as an officer of the corporation, contracted to sell the property to the complainant for $20,750, subject to the procurement of a Federal Housing Administration mortgage of $20,250. Some of the further allegations with respect to this are that the respondent "practiced fraud and deceit" upon a mortgage lending institution and the Federal Housing Administration in that, contrary to the terms and provisions of the contract of sale, the $500 allegedly paid upon the execution of the contract was not paid and the $350 allegedly given to the seller in escrow for adjustments, etc., was not given

and in that the respondent certified that these payments were made; and that he commingled rent collections from the property, which belonged to his client, with his personal funds.

In the second charge it is alleged, *inter alia,* that the respondent, having brought an action for another complainant against the latter's landlord, failed to reply to the landlord's counter-claim, willfully abandoned his client's case, failed to notify his client of the landlord's motion for summary judgment and permitted the motion to be granted and judgment by default to be entered against his client.

With respect to the first charge, Mr. Justice O'CONNOR found, in substance, that the charge was sustained to the extent that under the respondent's general direction and with his full knowledge and consent there was submitted to the lending institution and to the Federal Housing Administration a contract acknowledging receipt by the seller of $500 on the contract and $350 to be held in escrow, when, in fact, these sums of money had never been paid by the purchaser or received by the seller and that the respondent falsely and fraudulently certified that these payments had been received by the seller. He further found that the respondent had commingled his client's rent money with his own personal funds. As to the second charge, the reporting Justice found that the respondent was "professionally remiss in the discharge of his obligations to his client."

In our opinion, the evidence adduced at the hearing fully supports the findings of the respondent's wrongdoing with respect to the two charges. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the measure of discipline to be imposed for the respondent's misconduct, we deem significant the following finding made by Mr. Justice O'CONNOR: "It is, however, a proper, reasonable and logical deduction from the record to find that respondent, in his pursuit of the rather extraordinary profits connected with a questionable realty transaction, did not display that degree of honesty, integrity, candor and forthrightness which should be the hallmark of every lawyer." Under all the circumstances, we are of the opinion that the respondent should be and he hereby is suspended from the practice of law for a period of one year, commencing July 1, 1973, and until the further order of the court.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.